# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ANTHONY HOLLAND, Defendant. | No. CR07-3010-MWB <br> **DETENTION ORDER** |

_____

This matter came on for detention hearing on March 8, 2007. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Anthony Holland appeared in person with his attorney, Patrick Parry. The Government offered the testimony of Hancock County Deputy Sheriff Ray Penning. Holland offered the testimony of his wife, Janelle Holland.

The court must determine whether any condition or combination of conditions will reasonably assure Holland's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Holland as required and the safety of the community if the court finds there is probable cause to believe Holland committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk

of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates that until his lab was dismantled by law enforcement in April 2006, Holland operated a sophisticated methamphetamine manufacturing operation that he took extraordinary measures to conceal from detection. He installed numerous surveillance cameras on his property. He possessed weapons, and the evidence indicates he both threatened someone with a weapon and he traded weapons for drugs on at least one occasion. It also appears from Holland's criminal history that he has a long-standing problem with alcohol abuse that has led to serious consequences for himself and others. On the issue of risk of flight, Holland is facing a potential term of life imprisonment. Holland managed to carry on a successful drug operation without detection right under his wife's nose, and the record indicates that despite her love for him, his wife has been unable to exert any control over Holland's actions.

Further, Holland has failed to offer any evidence to rebut the presumption that he is a danger to the community or a risk of flight. The presumption arises from the charge itself – a serious drug charge involving the manufacture and distribution of a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Holland would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Holland is a flight risk, and by clear and convincing evidence that Holland would be a danger to the community if released. Therefore, the court finds the following:

1. Holland is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Holland reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Holland to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a) Attach a copy of the release/detention order to the appeal;

   (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Holland must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 8th day of March, 2007.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT